UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SCOTT VAN HUISEN, | No.  2:23-cv-1339 CKD P |
| Plaintiff, | |
| v. | ORDER |
| DIRECTOR OF NASA, | |
| Defendant. | |

  Plaintiff is a California prisoner proceeding pro se with a civil action.  On September 6, 2023, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a).  The court dismissed the complaint with leave to file an amended complaint.  Plaintiff has now filed an amended complaint.

  Again, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

  As with plaintiff's original complaint, the court is unable to discern from his amended complaint a claim upon which relief can be granted.  Therefore, the amended complaint must be

dismissed. Good cause appearing, the court will grant plaintiff one final opportunity, in a second amended complaint, to state a claim upon which he might proceed. The second amended complaint must be legible and coherent, and the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that all pleadings be complete without reference to any prior pleading.

As plaintiff was instructed in the court's original screening order, in order to state an actionable claim, plaintiff must demonstrate how conditions have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition to his amended complaint, plaintiff has filed two frivolous motions: The first, titled "motion to advance hearing date," is denied as there are no hearings scheduled in this action. The second, a motion for an extension of time to file an amended complaint, is denied as moot because plaintiff has already filed an amended complaint, and the court is herein permitting plaintiff to file a second amended complaint within 30 days.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. Plaintiff's "motion to advance hearing date" (ECF No. 15) is denied.

/////

4. Plaintiff's motion for an extension of time to file an amended complaint (ECF No. 19) is denied as moot.

Dated: September 29, 2023

/s/ Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
vanh1339.2am